**STATE OF MONTANA,**
    **Plaintiff,**

-vs-

**HAROLD MITCHELL, JR.,**
    **Defendant.**

**CAUSE NO. DC-12-67**

**DECISION**

On December 4, 2013, the Defendant was sentenced for Count I: Criminal Possession of Dangerous Drugs, a felony, in violation of Section 45-9-102(1), MCA, committed to Department of Corrections for a term of Five (5) years, with none of that time suspended; and for Count II: Tampering with or Fabricating Physical Evidence, a felony, in violation of Section 45-7-207, MCA, to the Department of Corrections for a term of Ten (10) years with all of that time suspended; receive credit for time served of 139 days; Court recommends Defendant be considered for placement at NEXUS and pre-release programs if deemed appropriate by the Department; and other terms and conditions given in the Judgment on December 4, 2013.

On January 22, 2014 the Judgment was amended on page 6, Paragraph 20 to read, "The Defendant shall not enter any casinos until all fines, fees and restitution are paid."

On March 4, 2014, a Second Amended Judgment was filed amending page 1 to read, "The Defendant shall receive credit for time served of 352 days."

On May 8, 2014, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present and was represented by Ed Sheehy, Jr., Montana Office of Public Defender. The State was not represented.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The

Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3),

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive.

Therefore, it is the unanimous decision of the Division that the sentence shall be AFFIRMED.

Done in open Court this 8th day of May, 2014.

DATED this 28th day of May, 2014.

Chairperson, Hon. Brad Newman, Member Hon. Brenda Gilbert and Alternate Member Hon. John Warner.